**Donald D. duBoulay**     305 Broadway, Suite 602
 Attorney at Law          New York, NY 10007

Telephone: (212) 966-3970
Fax:       (212) 941-7108
E-mail:    [dondubesq@aol.com](dondubesq@aol.com)

June 22, 2021

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

     Re: United States v. Frank Smith
        16 Cr. 346 (FB)

Dear Judge Block:

     This letter is respectfully submitted on behalf of Frank Smith in advance of his sentencing scheduled for June 24, 2021. Frank Smith is a thirty-six old Brooklyn native, whose life, like many who have appeared before this court, has been marked by poverty, parental indifference and abandonment, a lifelong dependency on various narcotic drugs and a lack of formal education beyond the tenth grade. Mr. Smith's life was marked by virtually every recognized risk factor correlated with descent into criminality including growing up in a community where an impressionable youth can witness flagrant and open lawlessness, and be isolated from mainstream social behavior.

     Until the age of ten, Frank was more or less reared in the same household with his unmarried parents. His father, an intermittent presence when he was around left his mother and disappeared around that time. In short order Frank and his siblings were removed from his mother's house and separated due to her longstanding drug usage. Initially placed in a foster home, Frank was shortly thereafter placed with his aunt, which lasted for a while until he was removed from that residence due to his aunt's drug abuse and consequent neglect of Frank. Eventually Frank ended up with his grandmother in Coney Island, where he spent his teenage High School years. Frank never again resided with either of his parents. At this point school was not a priority, and with the lack of parental oversight, the streets beckoned. The desire to obtain material possessions led to boosting and ultimately to street level drug involvement which led to associations with similarly parentally abandoned youths in the neighborhood. Frank's criminal history document the numerous arrests for his personal trafficking in street level drugs.

     Mr. Smith has been convicted after trial of numerous offenses centered around his putative membership in 'Rival Impact'. Mr. Smith denies the existence of 'Rival Impact' as a motivating factor in any of the crimes for which he has been convicted. Nonetheless he will appear for sentencing as scheduled and respectfully submits that the court impose

a sentence that considers the entirety of Frank Smith the person, not the small window of his life portrayed in the charging documents.

The federal sentencing statute as modified by *Booker*, requires a court to give respectful consideration to the Guidelines, but "permits the court to tailor the sentence in light of other [§3553(a)] concerns as well. 543 U.S., at 245-6. The court did not purport to establish a ratio of its own, but appropriately framed its final determination in line with §3553(a)'s overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish goals advanced in §3553(a)(2)."

This court has the discretion to fashion any sentence the court deems appropriate considering myriad factors, including but not limited to §3553 (a) factors and giving whatever weight the court considers to the appropriate factor. We respectfully ask the court to allow the defense additional time to obtain supporting documents that could impact the court's view of Frank Smith and thus the sentencing.

We respectfully submit a sentence of twenty-five years is the appropriate sentence in this case. This can be accomplished by imposing consecutive 10-year sentences on counts four (4) and five (5) (causing death through the use of a weapon), five years on count one (Racketeering) and a fine on counts two (2) and three (3) (Murder in aid of racketeering). Mr. Smith is a sentient human being who is not beyond redemption and should not be cast into the abyss of never seeing the light of day again with the imposition of the draconian sentence life plus decades of years. All of the goals of sentencing can be accomplished by a sentence of twenty-five years sentence. And it will incentivize Mr. Smith to use his sentence time wisely. Any sentence more than twenty-five (25) years borders on vengeance. And vengeance should not be the hallmark of the American legal system.

In *Pepper v. United States*, 131 S.Ct. 1229 (2011), The Supreme Court said that the cornerstone of federal sentencing is that a sentencing judge 'consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Id.*, 131 S.Ct. at 1240 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). That process is embodied in the advisory sentencing system instituted by the Supreme Court's decision in *United States v. Booker*, 125 U.S. 738 (2005), which "breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the §3553 (a) factors to the criminal defendants that come before them." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (district court must make an "individualized assessment" of the sentencing warranted by §3553 (a) 'based on the facts presented" and "may not presume that the Guideline range is reasonable.") The deference granted a district court's determination springs from its "singular advantage of actual and extensive sentencing experience" as well as its familiarity with the individual case and the individual defendant before it." *Id* at 170.

Consistent with the principal of individualized sentencing is the wide discretion afforded the sentencing judge "in the sources and types of evidence used to assist in

determining the kind and extent of punishment to be imposed" in particular, the "fullest information possible concerning the defendant's life and characteristics. " Pepper, 131 S.Ct. at 1240 (" [p]ermitting sentencing courts to consider the widest breadth of information about a defendant ensures that the punishment will suit not merely the offense but the individual defendant.") Indeed, as *Pepper* points out, this principle is codified in 18 U.S.C §3661 ("[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.")

<u>Objections to the Presentence report</u>.

Paragraph 14-Mr. Smith objects to the statement that he was one of the main sources of supply of drugs to for distribution and sale to members of the Enterprise.

Paragraphs 20-and 22-Mr. Smith objects to the entirety of paragraphs 20 and 22

<u>Conclusion</u>

We respectfully request that the court impose a sentence of twenty-five years. That is a severe sentence, but one that does not extinguish the hope that one day Mr. Smith can rejoin his place in society. We also request that the judgment recommend that Mr. Smith be allowed to participate in any educational program the Bureau of prisons offers. The ability to further educate oneself has intrinsic value for Mr. Smith. We also ask that your honor recommend that the Bureau of Prisons designate Mr. Smith to a facility as close to the New York area as possible, in order to permit family visitation.

Respectfully submitted,

/s/
Donald duBoulay

cc: Maria Cruz Melendez, AUSA
 Jennifer M. Sasso, AUSA
 Josh Hafetz, AUSA